UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RALPH M. PROVINO,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>TEXAS GOVT, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-00427-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

*Pro se* Plaintiff R. Max Provino brings this action under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1 ("Complaint"), 3 ("IFP Application").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 3), recommending the Court grant Provino's IFP Application and dismiss the Complaint with prejudice. Provino filed five untimely objections to the R&R.[1] (ECF Nos. 8, 9, 10, 11, and 12 (collectively "Objections").) Provino also filed two motions relating to the continuation of his case.[2]

Because the Court agrees with Judge Baldwin's screening analysis of Provino's Complaint and as further explained below, the Court will accept the reasoning in the R&R and will therefore grant Provino's IFP Application and dismiss the Complaint. However,

---

[1]Provino had until October 15, 2021, to file an objection to the R&R. (ECF No. 3.) The Objections were filed November 24, November 30, November 30, December 6, and December 6, respectively. (ECF Nos. 8, 9, 10, 11, and 12.)

[2]The first is styled as "Motion to Continue Case and Trial Against State of Texas, and All Counties within Texas, and Texas State Government." (ECF No. 6.) The second is "Motion to Have Jurisdiction Over State of Texas, Sovereign of Texas, and All Counties within Texas, and Texas State Government." (ECF No. 7.)

because it is not apparent what claims Provino is attempting to raise, dismissal will be without prejudice, but without leave to amend.

## II.   BACKGROUND

The Complaint names "Texas Govt.," "Abbot," "Dewburst," "Church," and "Suisse," as the Defendants in this matter. (ECF No. 1-1 at 1.) However, Provino does not include any factual or legal allegations. (*Id.*) Provino states that his claim is "Premeditated attack 2012 on the blind & elderly & disabled. & false entrapment" (*id.* at 7.), and attaches three pages listing 35 other distinct claims with no factual elaboration (*id.* at 9-11).

Judge Baldwin screened the Complaint and concluded Provino had not made any allegations. (ECF No. 4 at 3.) Moreover, Judge Baldwin reasoned, nothing in the Complaint would give rise to a federal constitutional or statutory right. (*Id.* at 4.) She concluded that leave to amend was not appropriate because the deficiencies could not be cured by amendment. (*Id.*)

Provino filed five Objections to the R&R. None of the Objections challenged Judge Baldwin's reasoning, or in any way referred to the conclusions in the R&R. Instead, Provino includes piecemeal arguments and multiple attachments which appear to reference complaints that Provino and one Helen Provino have filed against multiple entities in Texas. In one Objection, Provino argues that the Court may exert jurisdiction over the state of Texas and includes facts about an attorney who has allegedly defrauded Helen Provino but is not a named defendant in this action. (ECF No. 8.) In another Objection, Provino has filled out several summonses for various entities, one of which is a listed defendant, but most of which are not. (ECF No. 10.)

## III.   LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114,

1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

## IV.    DISCUSSION

As a preliminary matter, the Court finds that Provino has demonstrated he is unable to pay the filing fee and will therefore grant his IFP Application. (ECF No. 3.) The Court now considers the Complaint.

None of Provino's Objections were timely, so de novo review is not required. But even if the Court did conduct de novo review, in light of the arguments in the Objections the Court would reach the same conclusion as Judge Baldwin. Provino's Complaint does not comprehensibly allege any plausible claim against any defendant. It is not even clear to the Court precisely what conduct Provino is basing his Complaint upon—the sprawling array of potential incidents, defendants, and types of claims appear to be disconnected. Moreover, most if not all of the complained conduct appears to have taken place in Texas. It is not clear whether the Court would have jurisdiction over any of the defendants, much less any of the potential claims.

The Court further agrees with Judge Baldwin that leave to amend would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). It is not clear from the Complaint or any of Provino's later filings that the action could be amended to state a federal claim against a defendant over whom the Court could exercise personal jurisdiction. Moreover, despite the five Objections, none of Provino's allegations are clear and most are expressly incoherent. However, because it is not clear what allegations

Plaintiff appears to be making, the Court will dismiss the Complaint without prejudice, but without leave to amend.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Provino's objections (ECF Nos. 8, 9, 10, 11, and 12) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin are overruled. The Report and Recommendation (ECF No. 4) is accepted in full.

It is further ordered that Provino's application to proceed *in forma pauperis* (ECF No. 3.) is granted.

The Clerk of Court is directed to file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed without prejudice and without leave to amend.

It is further ordered that the remaining pending motions in this matter (ECF Nos. 6, 7) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No further documents may be filed in this now closed case.

DATED THIS 9th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE